## STEWART *v.* HUTCHINS.

PLEADING.—*Justice of the Peace.*—The strict rules of pleading are not applicable to proceedings before a justice of the peace.

Stewart *v.* Hutchins.

SAME.— *Warranty.—Demand of Judgment.*—Suit before a justice of the peace on a note for $125. Answer, waiving the statutory denial and averring, that the note was given in part payment for a mare sold by plaintiff to defendant; that at the time of the sale plaintiff represented and warranted the mare as sound, when, in truth, she was unsound to such an extent that she died in consequence thereof in a short time; that plaintiff well knew she was unsound, and, designing to cheat and defraud defendant, warranted her to be sound; that defendant, relying on the representations and warranty of plaintiff, purchased her of plaintiff, and, as part payment, gave the note in suit, and for no other consideration whatever; that, in addition to the note, defendant paid plaintiff $40 in money for the mare, and was at great expense in keeping and caring for her, whereby he was damaged $25; and he claimed judgment for $75, and all other proper relief.

*Held,* on motion by plaintiff for judgment notwithstanding a verdict for defendant, that the answer covered the note in suit and demanded judgment for $75 over and above the same.

APPEAL from the Steuben Common Pleas.

GREGORY, J.—Suit, commenced before a justice of the peace, by the appellant against the appellee on a promisory note for $125.

The answer before the justice waived the statutory general denial, and set up, that the note was given for a part of the consideration of the purchase of a mare sold by the plaintiff to the defendant; that at the time of the sale the plaintiff represented and warranted the mare to be sound, when in truth she was unsound to such an extent that she died in consequence thereof in a short time; that the plaintiff well knew that the mare was unsound, and, designing to cheat and defraud the defendant, warranted her to be sound; that the defendant, relying on the representations and warranty of the plaintiff, purchased the mare of the plantiff, and, as part payment therefor, gave the note in suit, and for no other consideration whatever; that, in addition to the note, the defendant paid the plaintiff forty dollars in money for the mare, and was at great expense in keeping and caring for her, whereby he was damaged twenty-five dollars; and he claimed judgment of seventy-five dollars, and all other proper relief.

The defendant also claimed a set-off for the forty dollars paid on the mare.

Trial by jury; finding for the defendant six dollars. The plaintiff moved for a new trial. Pending the motion, the plaintiff moved the court for judgment *non obstante veredicto*, which motion the court overruled, and afterwards overruled the motion for a new trial.

It is urged, that seventy-five dollars is the entire damage claimed for the breach of the warranty, and the note being for $125, the plaintiff was entitled to judgment on the pleadings for the difference.

The majority of this court think this would be too strict a construction of a pleading before a justice of the peace. The answer claims judgment for seventy-five dollars. The plain meaning of this is, that the defendant wanted a judgment for the forty dollars he had paid on the mare, and twenty-five dollars for the expense of keeping and the trouble in taking care of her, over and above the note he had executed for the balance of the purchase-money. It is true, there is no direct averment that the mare was of no value, but there are equivalent averments. The mare was unsound, of which unsoundness she died in a short time; and she was a great expense to the defendant in keeping and caring for her. These averments are inconsistent with the idea that she was of value. The answer was to the whole action. The pleader evidently intended to cover the note in the answer. The strict rules of pleading are not applicable to proceedings before a justice of the peace.

The court committed no error in overruling the motions.

The judgment is affirmed, with costs.

*D. E. Palmer*, for appellant.

*J. A. Woodhall* and *W. G. Croxton*, for appellee.